Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail:   attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, James Hinton

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **James Hinton,**<br>Plaintiff,<br>v.<br>**Ventana Medical Systems, Inc.**<br>**d/b/a Roche Tissue**<br>**Diagnostics,**<br>Defendant. | **Case #**<br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff James Hinton   by and through Elizabeth D. Tate, his undersigned attorney of record, submit this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

1

# 1. Plaintiff's   18   Claims

Count One: 42 U.S.C. 1981 – Retaliation for Having Protested Race Discrimination

Count Two: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race November 22,   2019

Count Three: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race January 31, 2019

Count Four: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race January 29, 2020

Count Five: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race January 31, 2020

Count Six: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race March 12, 2020

Count Seven: 42 U.S.C. 1981 – Failure to Promote in an Employment Contract Based on Race March 12, 2020

Count Eight: 42 U.S.C. 1981 – Failure to Promote   May 12, 2020

Count   Nine: 42 U.S.C 1981 – Constructive Discharge Based on Race August 7, 2020

Count Ten: 42 U.S.C. 1981   Retaliation for Having Protested Race Discrimination

2

Count Eleven: Title VII – Failure to Promote January 29, 2020

Count Twelve: Title VII – Failure to Promote January 31, 2020

Count Thirteen: Title VII – Failure to Promote March 2020 Santa Clara

Count Fourteen: Title VII – Failure to Promote March 12, 2020 Santa Clara

Count Fifteen: Title VII – Failure to Promote March 12, 2020

Count Sixteen – Title VII - Failure to Promote May 12, 2020

Count Seventeen– Title VII -  Constructive Discharge on August 7, 2020

Count Eighteen: Title VII   Retaliation for Having Protested Race Discrimination

## 2. The Parties, Jurisdiction and Venue

1.  At all times material to this Complaint, the Plaintiff, James Hinton, PhD ("Dr. Hinton") and has been:

(A) an adult resident of Pima County, Arizona; and

(B) employed by the Defendant, Ventana Medical Systems, Inc. d/b/a Roche Tissue Diagnostics, ("Roche").

(C) a person whose race is African American.

(D) a person who is qualified to perform his job as Senior Research

Associate receiving good reviews in performance evaluations over a span of 20 years until he was retaliated against.

**2 .** Defendant Ventana Medical Systems, Inc., "Roche" has been at all times material to this Complaint:

(A) a foreign for-profit corporation with offices located in the metropolitan Tucson area.

(B) develops, manufactures, and markets instrument reagent systems that automate tissue and slide staining in anatomic pathology laboratories. These products assist in the diagnosis and treatment of cancer and infectious diseases. Ventana is part of the Roche Diagnostics Division.

(C) the "employer" of Dr. Hinton.

**3.** All events alleged herein occurred within the State of Arizona.

**4.** This Court has personal jurisdiction over the parties based upon the foregoing facts.

**5.** This Court has subject matter jurisdiction for the eighteen claims herein because all arise from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a)(3,4).

**6.** This Court (Tucson Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

**7.** Roche hired Dr. Hinton as a Research Associate Two on October 17, 2011. His last position was Senior Research Associate. Dr. Hinton only received two promotions during his tenure.

**8.** Dr. Hinton possesses a BS in Biology that he earned in 1997, a graduate certificate in Bio Medical Sciences that he earned in 2012, an MS in cellular and molecular medicine that he earned in 2014 and a PhD in cancer biology that he earned in December of 2019. In total, Dr. Hinton possesses 24 years of experience in bio medical sciences.

**9.** On November 22, 2019, a scientist position was open at Roche. Carrie Aldrich, Dr. Hinton's supervisor was responsible for making the hiring decision to fill the scientist position. Dr. Hinton had expressed interest in being hired for a scientist position, but Dr. Aldrich did not even tell Dr. Hinton about the scientist position so that he could be considered. Dr. Hinton was qualified for the position, possessing a PhD and 24 years' experience. Dr. Hinton was performing up to his supervisor's expectations getting good performance reviews. Dr. Aldrich denied Dr. Hinton the position despite his qualifications. Dr. Aldrich hired a Caucasian woman

named Marissa who was less qualified than Dr. Hinton and treated more favorably, lacking the many years of experience that Dr. Hinton possessed.

**10.** On January 31, 2019, Dr. Hinton applied for the Senior Scientist position at the Tucson office. John Palting was the hiring manager who encouraged Dr. Hinton to apply. Dr. Hinton was performing up to his supervisor's expectations receiving good performance reviews. Dr. Hinton received a phone call form Roche Recruiter, Leon Bland. Bland informed Dr. Hinton that he would get an interview but Roche abruptly cancelled the position on March 13, 2019. Roche denied Dr. Hinton the position because Dr. Hinton is African American and most qualified. Rather than give Dr. Hinton the promotion he deserved, Roche cancelled filling the position.

**11.** On January 29, 2020, Roche had a scientist position open in Tucson. Dr. Hinton applied for the position. Dr. Hinton was performing up to his supervisor's expectations getting good performance reviews. Erica Olivas denied Dr. Hinton the position and hired a less qualified Caucasian, Tommy Pritchett, who only possessed an associate's degree. Dr. Hinton was more qualified because he possessed a PhD.

**12.** On January 31, 2020, Roche had an open Senior Scientist position. Clark Whitehead told Dr. Hinton to apply. Dr. Hinton was performing up to his supervisor's expectations receiving good performance reviews.

6

Dr. Hinton applied and Roche denied him the position instead hiring a Non African American candidate from Michigan who was less qualified and treated more favorably. Then Dr. Hinton applied for a lower scientist position and Roche cancelled hiring for the lower scientist position.

**13.** On March 12, 2020, Roche had an open Scientist 1 position. Dr. Hinton was performing up to his supervisor's legitimate expectations. Dr. Hinton applied and was not selected. Ash Pawate in the Santa Clara office informed Dr. Hinton he was not selected despite his qualifications. Roche refused to give Dr. Hinton any more information about the position.

**14.** On March 12, 2020, Roche had an open Senior Scientist position in its Santa Clara office. Dr. Hinton was performing up to his supervisor's legitimate expectations. Dr. Hinton was qualified for the position and applied for it. Roche selected a non-African American less qualified individual for the position who was treated more favorably.

**15.** On May 21, 2020, Roche had an open Senior Scientist position. Dr. Hinton was performing up to his supervisor's legitimate expectations. Dr. Hinton was qualified and applied for the position. Roche narrowed down its selection for the position between Dr. Hinton and another non-African American scientist. Roche denied Dr. Hinton the position despite his

superior qualification than the non-African American scientist who was treated more favorably.

**16**.   Roche has treated Dr. Hinton disparately because of his race. For example, Mark Buckwilder, Caucasian   research associate received 3 promotions and a raise while Dr. Hinton was denied promotions. Rachel James, Native American, was hired as research associate II, then promoted to the position of research associate III, senior research associate and was then promoted to scientist.   Ryan Miller, Caucasian, was a Research associate III, promoted to Senior research associate, then was promoted to scientist.   Kevin Boone, Caucasian, was promoted to Senior Scientist.    Dusty Kennedy, Caucasian   and Courtney Powell, Caucasian were promoted to senior scientists.    Genevieve LaBaughn, Caucasian,   who was also supervised by Dr. Carrie Aldrich and had lesser experience was promoted to Scientist position over Dr. Hinton.    Autumn Sky Watson, mixed race was hired in as Senior Research Assistant despite Dr. Hinton's superior qualifications.   Dominic Mili whose national origin is African was hired in as Scientist over Dr. Hinton.   Ping Fu Gu, Asian American was hired in as Research Associate III, promoted to Senior Research Associate and later promoted to Scientist.    All of the above referenced individuals who are non-African American   and similarly

8

situated have been able to get hired in and be promoted at Roche while Dr. Hinton who is African American while Roche has denied Dr. Hinton the same opportunities.

**17.**   Dr. Hinton continuously complained to Carrie Aldrich that he was being denied the opportunity to advance at Roche because of his race. On March 17, 2016, Dr. Hinton met with Dr. Aldrich and Frank to express frustration for being denied opportunities to be promoted.   Dr. Hinton met with   Dr. Aldrich in a one on one and in 2020 and   Dr. Hinton again protested race discrimination.   Dr. Aldrich retaliated against Dr. Hinton giving him a bad review in March of 2020.   Dr. Aldrich giving Dr. Hinton the bad review was casually linked to Dr. Hinton protesting race discrimination.

**18.**   Finally on August 7, 2020, Dr. Hinton was constructively discharged because of Roche repeatedly   denying him the opportunities be promoted.   Upon exit from the Company, Roche HR retaliated against Dr. Hinton by requiring him to reimburse the Company in full for classes paid for by Roche in rather than prorating the amount to be repaid.   Roche requiring Dr. Hinton to repay the full amount of the classes was an adverse employment action that was casually linked to Dr. Hinton protesting race discrimination.

**19.** Roche's discriminatory hiring decisions overall oppression of Dr. Hinton took a toll on his health   As a direct and proximate result of the conduct described above by Roche, Dr. Hinton has suffered damages including loss of self-esteem, having to worry about being treated unfairly daily, oppression and harassment.

**20.** The conduct of Roche alleged herein with respect to Dr. Hinton was done with a deliberate and malicious intent to discriminate against him in violation of federal statutes including, inter alia 42 U.S.C. 1981   because of his race and treating him disparately as alleged herein.   Therefore, Dr. Hinton should be awarded, inter alia, punitive damages.

### 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

### 5. Requested Relief

Count One:   42 USC 1981- Retaliation for Having Protested Race Discrimination.

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

## Count Two: 42 USC 1981-Failure to Promote in an Employment Contract Based on Race on November 22, 2019

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

## Count Three: 42 U.S.C 1981 – Failure to Promote in an Employment Contract based on Rach January 31, 2019

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

11

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Four: 42 U.S.C 1981 – Failure to Promote in an Employment Contract Based on Race January 29. 2020</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Five : 42 U.S.C 1981 – Failure to Promote in Employment Contract based on Race January 31, 2020</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

12

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

**Count Six : 42 U.S.C 1981 – Failure to Promote in an Employment Contract Based on Race March 12, 2020**

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

**Count Seven: 42 U.S.C 1981 – Failure to Promote in an Employment Contract Based on Race March 12, 2020**

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Eight: 42 U.S.C 1981 – Failure to Promote in an Employment Contract May 12, 2020</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Nine: 42 U.S.C 1981 – Constructive Discharge Based on Race August 7, 2020.</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Ten: 42 U.S.C 1981 – Retaliation for Having Protested Race Discrimination</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Eleven: Title VII Failure to Promote January 29, 2020.</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Twelve: Title VII Failure to Promote January 31, 2020

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Thirteen: Title VII Failure to Promote March 2020 Santa Clara

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Fourteen: Title VII Failure to Promote March 12, 2020 Santa Clara

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Fifteen: Title VII – Failure to Promote March 12, 2020

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Count Sixteen: Title VII Failure to Promote May 12, 2020

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Seventeen: Title VII   Constructive Discharge on August 7, 2020</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4.  His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

<u>Count Eighteen: Title VII Retaliation for Having Protesed Race Discrimination</u>

Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Punitive damages in an amount to be determined by the trier of fact

3. His reasonable attorney's fees and expert fees incurred herein, pursuant to 42 U.S.C. 1988 (b) (c), FRCP Rule 54(d) (2), and LRCiv Rule 54.2.

4. His taxable costs incurred herein, pursuant to FRCP Rule 54(d)

Respectfully submitted this May 25, 2021.

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate